

Nicole B. Weinstein
825 Third Avenue, 16th Floor
New York, NY 10022
+1.212.702.5416
NWeinstein@bdlaw.com

June 4, 2026

Initial conference is adjourned from June 12, 2026 to September 11, 2026 at 11:00 a.m.  Call-In: 855-244-8681; Access Code: 2305 810 3970#.
SO ORDERED.
Dated:  6/5/2026

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

**VIA ECF**

Hon P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Mueller Water Products, Inc. v. Johnson Controls International PLC,*
       Civil Action No.: 1:26-cv-3159 – Letter Motion for
       Adjournment of Initial Pretrial Conference

Dear Judge Castel:

Beveridge & Diamond represents Johnson Controls International PLC ("JCI") in the above-captioned action. The next conference before the Court is the Initial Pretrial Conference, currently scheduled for June 12, 2026 at 10:00 AM. JCI respectfully requests that the Court adjourn the June 12, 2026 Initial Pretrial Conference to August 7, 2026, or to the next date convenient for the Court following JCI's deadline to answer, move, or otherwise respond to the Complaint, currently scheduled for July 20, 2026 (Dkt. 11).

Good cause exists for the requested adjournment. The Court set the Initial Pretrial Conference on April 22, 2026, before JCI had received service of the Complaint (Dkt. 6). JCI did not receive purported service of the Complaint until May 20, 2026, and undersigned counsel appeared on May 27, 2026 (Dkt. 12). As a result, the Rule 26(f) deadline to confer (at least 21 days before the June 12, 2026 Initial Pretrial Conference) arose almost immediately after JCI received service and before undersigned counsel had appeared.

Proceeding with the Initial Pretrial Conference would require the parties to negotiate a proposed case schedule without a meaningful opportunity to confer, and before JCI has responded to the Complaint. Adjournment of the Initial Pretrial Conference until after July 20, 2026 would instead allow the parties to confer regarding case management with the benefit of more complete pleadings.

The requested adjournment is therefore consistent with the timing contemplated by Rule 16(b)(2), which requires the Court to issue a scheduling order as soon as practicable, but also

1



permits more time for good cause. Here, a modest delay in issuance of a scheduling order is warranted because the conference was scheduled before JCI received service, the Rule 26(f) meet and confer deadline passed before JCI appeared, and JCI's deadline to respond to the Complaint falls after the currently scheduled Initial Pretrial Conference. In addition, undersigned counsel has a personal conflict with the currently scheduled Initial Pretrial Conference date.

JCI has not previously sought an adjournment or extension of this date.

Undersigned counsel conferred with counsel for Mueller Water Products, Inc. ("Mueller"), Andrew Calica regarding this request on June 2 and June 3, 2026.[1] Mueller advised that, as a matter of professional courtesy and in view of undersigned counsel's personal conflict, it does not oppose adjournment of the Initial Pretrial Conference to the next available date after June 12, 2026. Mueller does not, however, consent to adjournment of the Initial Pretrial Conference to August 7, 2026 or to another date after JCI's July 20, 2026 response deadline.

Mueller stated that it "is prepared to proceed with the June 12 conference and to meet the pre-conference deadlines," that "[t]his is a straightforward case that should proceed to trial expeditiously," and that "JCI's deadline to answer the Complaint—June 10 based on the May 20 service date—is not cause to defer the conference or the setting of a case management schedule by a month or more."[2]

JCI respectfully disagrees. The Court's docket currently reflects July 20, 2026 as JCI's deadline to answer, move, or otherwise respond to the Complaint (Dkt. 11). Moreover, this is not a "straightforward" contract dispute for scheduling purposes. The Complaint implicates multiple environmental issues over many years, including whether the alleged liabilities arose before or after a defined contractual date, whether the claimed costs fall within the scope of the indemnification provision, and whether certain claims are time-barred or otherwise outside the scope of any indemnity obligation. Those issues may be appropriate for early resolution, but substantial work is required for JCI to respond to the Complaint and for the parties to propose a case schedule that accounts for the actual scope of the pleadings.

Under these circumstances, allowing JCI to respond to the Complaint before the Initial Pretrial Conference will aid the parties and Court in evaluating the complexity and scope of discovery, the anticipated need for expert discovery, and the appropriate timing for mediation.

For the foregoing reasons, JCI respectfully requests that the Court adjourn the Initial Pretrial Conference to August 7, 2026, or to the next date thereafter convenient for the Court.

---

[1] The parties have also conferred regarding the potential conflicts issue that led JCI to seek the extension on reconsideration of the entered *pro hac vice* orders.  Based on the additional information obtained to date, JCI does not intend to move for reconsideration of the *pro hac vice* motions or for disqualification.

[2] JCI will follow up with Mueller regarding its position on the Court's docket entry setting forth JCI's deadline to answer, move, or otherwise respond to the Complaint July 20, 2026.



Respectfully submitted,

Nicole B. Weinstein
*Counsel for Johnson Controls*



## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the

foregoing on all counsel of record using the Court's CM/ECF system.

DATED: June 4, 2026

By: *Nicole B. Weinstein*
    Nicole B. Weinstein

BEVERIDGE & DIAMOND, P.C.
825 Third Ave.
16th Floor
New York, NY 10022
P: 212-702-5416
NWeinstein@bdlaw.com

*Attorney for Defendant Johnson Controls*
*International PLC*

4